ORIGINAL

CV 02-1178 #1



# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> SHELL PIPELINE COMPANY LP fka EQUILON PIPELINE COMPANY LLC and OLYMPIC PIPE LINE COMPANY, <br><br> Defendants. | **CV02 1178R** <br> Civil Action No. <br><br> COMPLAINT OF THE UNITED STATES OF AMERICA AGAINST SHELL PIPELINE COMPANY LP fka EQUILON PIPELINE COMPANY LLC AND OLYMPIC PIPE LINE COMPANY |

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting on behalf of the Administrator of the United States Environmental Protection Agency (EPA), files this complaint and alleges as follows:

## INTRODUCTION

1. This is a civil action against Shell Pipeline Company LP fka Equilon Pipeline Company LLC (Shell) and Olympic Pipe Line Company (Olympic), brought pursuant to the Federal Water Pollution Control Act, commonly referred to as the Clean Water Act (CWA), 33 U.S.C. § 1251 *et seq.*, as amended by the Oil Pollution Act (OPA), 33 U.S.C. § 2701, *et seq.*, for civil penalties and injunctive relief for the discharge of

COMPLAINT - PAGE 1

Wayne T. Ault
United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

gasoline into or upon the navigable waters of the United States or adjoining shorelines, in violation of §§ 301(a) and 311(b)(3) of the CWA, 33 U.S.C. §§ 1311(a), 1321(b)(3).

## JURISDICTION, VENUE, and AUTHORITY

2. This Court has jurisdiction over this action pursuant to §§ 309(b) and 311(b)(7)(E) of the CWA, 33 U.S.C. §§ 1319(b), 1321(b)(7)(E), and 28 U.S.C. §§ 1331, 1345 and 1355.

3. Venue is proper in this judicial district pursuant to §§ 309(b) and 311(b)(7)(E) of the CWA, 33 U.S.C. §§ 1319(b), 1321(b)(7)(E), and 28 U.S.C. § 1391(b), as this is a judicial district within which both Shell and Olympic are doing business, and within which the United States' claims arose.

4. The United States Department of Justice has authority to bring this action on behalf of the Administrator of EPA pursuant to § 506 of the CWA, 33 U.S.C. § 1366, and 28 U.S.C. §§ 516 and 519.

## DEFENDANTS

5. Shell is a corporation that is doing business in the State of Washington.

6. On or about July 1, 1998, Equilon Pipeline LLC (Equilon) merged with Texaco Pipeline, Inc. (TPLI), with Equilon as the surviving entity. Pursuant to that merger, Equilon assumed all debts, liabilities, and duties of TPLI to the same extent as if those debts, liabilities, and duties were incurred or contracted by Equilon. On May 1, 2002, Equilon changed its corporate name to Shell Pipeline Company LP. Hereafter, this complaint shall refer to Shell and its predecessors, Equilon and TPLI, collectively as Shell.

7. Olympic is a corporation that is doing business in the State of Washington.

COMPLAINT - PAGE 2

Wayne T. Ault
United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

## STATUTORY AND REGULATORY FRAMEWORK

**A.  Prohibition Against the Discharge of Oil**

8. Pursuant to § 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), the discharge of oil into or upon the navigable waters of the United States or adjoining shorelines in such quantities as the President determines may be harmful to the public health or welfare or the environment of the United States is prohibited.

9. The term "discharge" includes, but is not limited to, any spilling, leaking, pumping, pouring, emitting, emptying or dumping. CWA § 311(a)(2), 33 U.S.C. § 1321(a)(2).

10. The term "oil" means oil of any kind or in any form including, but not limited to, petroleum, fuel oil, sludge, oil refuse, and oil mixed with wastes other than dredged spoil. CWA § 311(a)(1), 33 U.S.C. § 1321(a)(1).

11. The term "navigable waters" means the waters of the United States, including the territorial seas. CWA § 502(7), 33 U.S.C. § 1362(7).

12. Pursuant to § 311(b)(4) of the CWA, 33 U.S.C. § 1321(b)(4), acting through its delegated authority under Executive Order No. 11735, 38 Fed. Reg. 21243 (Aug. 7, 1973), EPA has determined by regulation that the quantities of oil that may be harmful to the public health or welfare or the environment of the United States include discharges of oil that violate applicable water quality standards, or cause a film or sheen upon, or discoloration of the surface of the water or adjoining shoreline, or cause a sludge or emulsion to be deposited beneath the surface of the water or upon the adjoining shorelines. 40 C.F.R. § 110.3.

**B.  Civil Penalties for the Discharge of Oil**

13. Any person who is the owner, operator, or person in charge of any onshore facility from which oil is discharged in violation of § 311(b)(3) of the CWA shall be subject to a civil penalty of up to $27,500 per day of violation or of up to $1,100 per barrel of

COMPLAINT - PAGE 3

Wayne T. Ault
United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

1  oil discharged, pursuant to § 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), and 28 U.S.C. § 2461 note, Pub. L. No. 101-410, as amended by 31 U.S.C. § 3701 note, Pub. L. No. 104-134.

14. In any case in which a violation of § 311(b)(3) of the CWA was the result of gross negligence or willful misconduct of a person described in § 311(b)(7)(A) of the CWA, the person shall be subject to a civil penalty of not less than $110,000, and not more than $3,300 per barrel of oil discharged, pursuant to § 311(b)(7)(D) of the CWA, 33 U.S.C. § 1321(b)(7)(D), and 28 U.S.C. § 2461 note, Pub. L. No. 101-410, as amended by 31 U.S.C. § 3701 note, Pub. L. No. 104-134.

15. The term "person" includes an individual, firm, corporation, association, and a partnership. CWA § 311(a)(7), 33 U.S.C. § 1321(a)(7).

16. The term "onshore facility" means any facility of any kind located in, on, or under, any land within the United States. CWA § 311(a)(10), 33 U.S.C. § 1321(a)(10).

**C.   Prohibition Against the Discharge of Pollutants**

17. Pursuant to § 301(a) of the CWA, 33 U.S.C. § 1311(a), the discharge of any pollutant, including gasoline, by any person is unlawful except as authorized by and in compliance with CWA permitting or other provisions.

18. The term "discharge of a pollutant" includes any addition of any pollutant to navigable waters from any point source. CWA § 502(12), 33 U.S.C. § 1362(12).

19. The term "pollutant" includes, but is not limited to, solid waste, chemical wastes, and industrial waste discharged into water. CWA § 502(6), 33 U.S.C. § 1362(6).

20. The term "point source" means any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, or container from which pollutants are or may be discharged. CWA § 502(14), 33 U.S.C. § 1362(14).

COMPLAINT - PAGE 4

Wayne T. Ault
United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

21. The term "person" includes an individual, firm, corporation, association, and a partnership. CWA § 502(5), 33 U.S.C. § 1362(5); CWA § 311(a)(7), 33 U.S.C. § 1321(a)(7).

**D. Injunctive Relief for the Discharge of Pollutants**

22. Pursuant to § 309(b) of the CWA, 33 U.S.C. § 1319(b), EPA may commence a civil action for appropriate injunctive relief for any violation for which EPA is authorized to issue a compliance order pursuant to § 309(a) of the CWA, 33 U.S.C. § 1319(a), which authorizes compliance orders for unlawful discharges of pollutants in violation of § 301(a) of the CWA, 33 U.S.C. § 1311(a).

## FACTUAL ALLEGATIONS

23. From 1965 (at the latest) through the present, Olympic owned and operated a pipeline system that is used for transporting gasoline and other petroleum products, and includes approximately 400 miles of pipeline running between Ferndale, Washington, and Portland, Oregon, and associated structures and buildings used for operations and administration, control equipment, pumps, valves, storage tanks, and other equipment used in the operation of the pipeline (collectively referred to as the Pipeline System).

24. From approximately July 1, 1991 until present, Shell held approximately a 37.5% ownership interest in Olympic.

25. From approximately July 1, 1991 until approximately June 30, 2000, Shell had a contractual relationship with Olympic concerning management and operation of Olympic and the Pipeline System.

26. Beginning on June 10, 1999, the Pipeline System ruptured in Bellingham, Washington, and discharged approximately 236,796 gallons (5,638 barrels) of gasoline into Hanna and Whatcom Creeks, and upon their adjoining shorelines. On

COMPLAINT - PAGE 5

Wayne T. Ault
United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

|   |   |   |
|---|---|---|
| 1 |   | June 15, 1999, gasoline continued to leak into Whatcom Creek at the rate of |
| 2 |   | approximately four gallons per hour (hereafter referred to as the Incident). |
| 3 | 27. | The Incident resulted in a layer of gasoline approximately three inches thick on the |
| 4 |   | surface of Hanna and Whatcom Creeks over a distance of approximately 2 to |
| 5 |   | 2 ½ miles. |
| 6 | 28. | Within approximately 94 minutes of the rupture, the gasoline ignited, resulting in a |
| 7 |   | fireball that traveled along Whatcom Creek for more than a mile, devastating |
| 8 |   | everything in its path, and generating a plume of smoke approximately six miles high. |
| 9 | 29. | Hanna Creek is a small tributary of Whatcom Creek, and empties into Whatcom |
| 10 |   | Creek in Whatcom Falls Park, in Bellingham, Washington. Whatcom Creek flows |
| 11 |   | generally from east to west through Whatcom Falls Park and the downtown core of |
| 12 |   | Bellingham, Washington, and empties into Bellingham Bay at the edge of the city |
| 13 |   | center. Bellingham Bay opens into the Straight of Georgia in the vicinity of the San |
| 14 |   | Juan Islands, which is used extensively for recreation and has abundant sea life. |
| 15 | 30. | The rupture occurred in or near Whatcom Falls Park, approximately three miles |
| 16 |   | inland from Bellingham Bay. |
| 17 | 31. | As a result of the Incident, three people were killed, including two ten-year-old boys |
| 18 |   | playing in or near Whatcom Creek, who died from burns within 24 hours, and an |
| 19 |   | eighteen-year-old man fishing in Whatcom Creek, who was overcome by fumes from |
| 20 |   | the gasoline and drowned in the Creek before the gasoline ignited. At least nine other |
| 21 |   | people were injured and one home was completely destroyed. |
| 22 | 32. | The gasoline spill and resulting fire killed over 100,000 fish, including juvenile |
| 23 |   | salmon (coho, chinook, chum, and sockeye), trout (steelhead, rainbow, and cutthroat), |
| 24 |   | juvenile lamprey, and other species; and killed other aquatic organisms in the |
| 25 |   | impacted area, including frogs and salamanders. Damage survey teams could not find |

COMPLAINT - PAGE 6

Wayne T. Ault
United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

any live fish or other aquatic organisms in Whatcom Creek in the days following the incident. A non-inclusive list of other species of wildlife killed as a result of the Incident includes pigeon, red-tailed hawk, American Dipper, River otter, and Cottontail rabbit. The habitats for these aquatic organisms and wildlife also were damaged or destroyed, necessitating extensive restoration work to rebuild an environment in which those organisms could live.

33. The fire destroyed approximately 2 to 2 ½ miles of riparian vegetation along both banks of Whatcom Creek and also killed and injured mature growth trees within a burn zone encompassing 26 acres.

34. The discharge of gasoline from the Pipeline System during the Incident contaminated the entire water column and beds of the affected portions of Hanna and Whatcom Creeks. Gasoline is toxic to fish and other aquatic life. Small concentrations of gasoline in water can cause death to aquatic organisms, including fish, or impair their growth. Minute quantities of gasoline can cause reproductive impairment in wildlife.

35. The City of Bellingham's municipal water system was adversely affected by the Incident. Emergency repairs to pipes and pumping systems were necessary after the Incident, and trace amounts of gasoline constituents were detected in the municipal water supply.

36. The following factors caused or contributed to the Incident:

   A. Failure to supervise, inspect, or monitor construction activity near the pipeline adequately to prevent or detect physical damage to the pipeline near the location of the rupture.

   B. Failure to detect and repair physical damage to the pipeline near the location of the rupture.

COMPLAINT - PAGE 7

Wayne T. Ault
United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

|   |   |   |
|---|---|---|
| 1 | C. | Inadequacies in the design, construction, maintenance and operation of a facility on the Pipeline System known as the Bayview Station and equipment located at or near the Bayview Station. |
| 4 | D. | Inadequacy of the computer system used to monitor and control the Pipeline System. |
| 6 | E. | Inadequate operator training. |
| 7 | F. | Operator error on the day of the rupture. |
| 8 | G. | Management decisions related to these factors. |

37. Shell is a "person" as defined in § 311(a)(7) of the CWA, 33 U.S.C. § 1321(a)(7).

38. Based on the involvement and authority of Shell and its employees and agents related to the Incident and the factors that contributed to the Incident, Shell was by contract or in fact a person who was an owner, operator, or person in charge of the Pipeline System, within the meaning of § 311 of the CWA, 33 U.S.C. § 1321, from approximately July 1, 1991 until approximately June 30, 2000.

39. Shell's actions and inaction related to the Incident and the factors that contributed to the Incident constituted gross negligence or willful misconduct within the meaning of § 311(b)(7)(d) of the CWA, 33 U.S.C. § 1321(b)(7)(d).

40. Olympic is a "person" as defined in §§ 311(a)(7) and 502(5) of the CWA, 33 U.S.C. § 1321(a)(7) & 1362(5).

41. Olympic was a person who was an "owner or operator or person in charge" of the Pipeline System, within the meaning of § 311 of the CWA, 33 U.S.C. § 1321, from at least 1965 until the present.

42. Olympic's actions and inaction related to the Incident and the factors that contributed to the Incident constituted gross negligence or willful misconduct within the meaning of § 311(b)(7)(d) of the CWA, 33 U.S.C. § 1321(b)(7)(d).

COMPLAINT - PAGE 8

Wayne T. Ault
United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

43. The Pipeline System is an "onshore facility" as defined in § 311(a)(10) of the CWA, 33 U.S.C. § 1321(a)(10).

44. Gasoline is "oil," as defined in § 311(a)(1) of the CWA, 33 U.S.C. § 1321(a)(1), and is a "pollutant" as defined in § 502(6) of the CWA, 33 U.S.C. § 1362(6).

45. The release of gasoline from the Pipeline System during the Incident was a "discharge" within the meaning of § 311(a)(2) of the CWA, 33 U.S.C. § 1321(a)(2), and was a "discharge of a pollutant" within the meaning of CWA § 502(12), 33 U.S.C. § 1362(12).

46. The Pipeline System was a "point source" as defined in CWA § 502(14), 33 U.S.C. § 1362(14), of the gasoline discharged from the Pipeline System during the Incident.

47. The discharges of gasoline from the Pipeline System during the Incident were not authorized or permitted pursuant to any of the CWA provisions listed in CWA § 301(a), 33 U.S.C. § 1311(a).

48. Hanna Creek and Whatcom Creek are navigable waters as defined in § 502(7) of the CWA, 33 U.S.C. § 1362(7).

49. The amount of gasoline discharged during the Incident constituted a discharge in such quantity as has been determined to be harmful to the public health or welfare or environment of the United States, within the meaning of § 311(b)(4) of the CWA, 33 U.S.C. § 1321(b)(4), and 40 C.F.R. § 110.3.

**FIRST (ALTERNATIVE) CLAIM FOR RELIEF AGAINST SHELL PENALTIES PURSUANT TO § 311(b)(7)(D) OF THE CWA**

50. Paragraphs 1 through 49 are realleged and incorporated by reference.

51. Shell was a person who was the owner, operator, or person in charge of an onshore facility from which oil was discharged during the Incident in violation of § 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

COMPLAINT - PAGE 9

Wayne T. Ault
United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

52. Shell's actions and inaction related to the Incident, and the factors that caused or contributed to the Incident, constituted gross negligence or willful misconduct within the meaning of § 311(b)(7)(D) of the CWA, 33 U.S.C. § 1321(b)(7)(D).

53. Accordingly, pursuant to § 311(b)(7)(D) of the CWA, 33 U.S.C. § 1321(b)(7)(D), and 28 U.S.C. § 2461 note, Pub. L. No. 101-410, as amended by 31 U.S.C. § 3701 note, Pub. L. No. 104-134, Shell is liable for a civil penalty of not less than $110,000, and not more than $3,300 per barrel of gasoline discharged, with the penalty amount determined in accordance with § 311(b)(8) of the CWA, 33 U.S.C. § 1321(b)(8).

## SECOND (ALTERNATIVE) CLAIM FOR RELIEF AGAINST SHELL PENALTIES PURSUANT TO § 311(b)(7)(A) OF THE CWA

54. Paragraphs 1 through 49 are realleged and incorporated by reference.

55. Shell was a person who was the owner, operator, or person in charge of an onshore facility from which oil was discharged during the Incident in violation of § 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

56. Accordingly, pursuant to § 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), and 28 U.S.C. § 2461 note, Pub. L. No. 101-410, as amended by 31 U.S.C. § 3701 note, Pub. L. No. 104-134, Shell is liable for a civil penalty of up to $27,500 per day of violation or of up to $1,100 per barrel of gasoline discharged, with the penalty amount determined in accordance with § 311(b)(8) of the CWA, 33 U.S.C. § 1321(b)(8).

## FIRST (ALTERNATIVE) CLAIM FOR RELIEF AGAINST OLYMPIC PENALTIES PURSUANT TO § 311(b)(7)(D) OF THE CWA

57. Paragraphs 1 through 49 are realleged and incorporated by reference.

COMPLAINT - PAGE 10

Wayne T. Ault
United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

58. Olympic was a person who was the owner, operator, or person in charge of an onshore facility from which oil was discharged during the Incident in violation of § 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

59. Olympic's actions and inaction related to the Incident, and the factors that caused or contributed to the Incident, constituted gross negligence or willful misconduct within the meaning of § 311(b)(7)(D) of the CWA, 33 U.S.C. § 1321(b)(7)(D).

60. Accordingly, pursuant to § 311(b)(7)(D) of the CWA, 33 U.S.C. § 1321(b)(7)(D), and 28 U.S.C. § 2461 note, Pub. L. No. 101-410, as amended by 31 U.S.C. § 3701 note, Pub. L. No. 104-134, Olympic is liable for a civil penalty of not less than $110,000, and not more than $3,300 per barrel of gasoline discharged, with the penalty amount determined in accordance with § 311(b)(8) of the CWA, 33 U.S.C. § 1321(b)(8).

## SECOND (ALTERNATIVE) CLAIM FOR RELIEF AGAINST OLYMPIC PENALTIES PURSUANT TO § 311(b)(7)(A) OF THE CWA

61. Paragraphs 1 through 49 are realleged and incorporated by reference.

62. Olympic was a person who was the owner, operator, or person in charge of an onshore facility from which oil was discharged during the Incident in violation of § 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

63. Accordingly, pursuant to § 311(b)(7)(A) of the CWA, 33 U.S.C. § 1321(b)(7)(A), and 28 U.S.C. § 2461 note, Pub. L. No. 101-410, as amended by 31 U.S.C. § 3701 note, Pub. L. No. 104-134, Olympic is liable for a civil penalty of up to $27,500 per day of violation or of up to $1,100 per barrel of gasoline discharged, with the penalty amount determined in accordance with § 311(b)(8) of the CWA, 33 U.S.C. § 1321(b)(8).

COMPLAINT - PAGE 11

Wayne T. Ault
United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

## THIRD CLAIM FOR RELIEF AGAINST OLYMPIC

## INJUNCTIVE RELIEF PURSUANT TO § 309(b) OF THE CWA

64. Paragraphs 1 through 49 are realleged and incorporated by reference.

65. Olympic's discharge of gasoline during the Incident was a discharge of a pollutant in violation of CWA § 301(a), 33 U.S.C. § 1311(a).

66. Accordingly, pursuant to CWA § 309(b), 33 U.S.C. § 1319(b), the United States, acting on behalf of EPA, is entitled to appropriate injunctive relief.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff, the United States of America, requests that the Court:

A. Impose civil penalties against Shell of up to $3,300 per barrel of oil discharged;

B. Impose civil penalties against Olympic of up to $3,300 per barrel of oil discharged;

C. Impose appropriate injunctive relief on Olympic;

D. Award the United States its costs in this action; and

E. Grant such other and further relief as the Court deems just and proper.

Dated this 25 day of MAY, 2002

Respectfully submitted,

*Tom Sansonetti*
THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

JOHN MCKAY
United States Attorney

COMPLAINT - PAGE 12

Wayne T. Ault
United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

1
2
3
4        BRIAN C. KIPNIS
         Assistant United States Attorney
         Western District of Washington
         601 Union Street
         50100 Two Union Square
         Seattle, Washington 98101-3903
         Telephone: 206-553-7970

5

6        *Wayne T. Ault* (signature)
         WAYNE T. AULT
7        Trial Attorney
         United States Department of Justice
8        Environment and Natural Resources Division
         Environmental Enforcement Section
9        Benjamin Franklin Station
         Post Office Box 7611
10       Washington, D.C. 20044-7611
         Telephone: 202-305-0300

11
         Counsel for Plaintiff, United States of America
12
OF COUNSEL:
13
Keith Cohon, Attorney
14 United States Environmental Protection Agency
Region X, Office of Regional Counsel
15
Cheryl T. Rose, Attorney
16 United States Environmental Protection Agency
Office of Enforcement and Compliance Assurance

17
18
19
20
21
22
23
24
25
26
27  COMPLAINT - PAGE 13                    Wayne T. Ault
                                          United States Department of Justice
28                                        Post Office Box 7611
                                          Washington, D.C. 20044-7611
                                          Telephone: 202-305-0300