The Honorable Barbara Jacobs Rothstein

FILED    ENTERED
LODGED    RECEIVED

JUN 3 0 2003

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

FILED

02-CV-01178-ORD

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff )<br><br>v. )<br><br>SHELL PIPELINE COMPANY LP fka )<br>EQUILON PIPELINE COMPANY LLC )<br>and OLYMPIC PIPE LINE COMPANY, )<br><br>Defendants. )<br>_____) | Civil Action No. CV02-1178R<br><br>**CONSENT DECREE BETWEEN THE<br>UNITED STATES OF AMERICA AND<br>SHELL PIPELINE COMPANY LP<br>fka EQUILON PIPELINE COMPANY LLC** |

## I.    BACKGROUND

    A.    Plaintiff, the United States of America (United States), through the Attorney

General, at the request of the Administrator of the United States Environmental

Protection Agency (EPA), filed a civil complaint (Complaint) against Shell

Pipeline Company LP, fka Equilon Pipeline Company LLC (Shell), pursuant to

the Clean Water Act (CWA), 33 U.S.C. §§ 1251-1387, seeking civil penalties for

the discharge of gasoline into or upon navigable waters of the United States or

adjoining shorelines.  The Complaint alleges that Shell is liable for the discharge

CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
Telephone:  202-305-0300

of gasoline into Hanna and Whatcom Creeks, navigable waters of the United

States, and their adjoining shorelines, beginning on June 10, 1999, in violation of

Sections 301(a) and 311(b)(3) of the CWA, 33 U.S.C. §§ 1311(a) and 1321(b)(3).

B. The State of Washington (State), through its Attorney General, at the request of

the Washington Department of Ecology, served a Notice of Penalty (Notice)

against Shell, seeking civil penalties pursuant to Wash. Rev. Code Chapters 90.48

and 90.56. The Notice alleges that Shell is liable for the discharge of gasoline

into ground and surface waters of the State, including Whatcom and Hannah

Creeks, beginning on June 10, 1999, in violation of Wash. Rev. Code

Chapters 90.48 and 90.56.

C. The Parties agree that it is desirable to resolve these matters without resort to

litigation.

D. Shell has entered into this Consent Decree solely for the purposes of settlement

and compromise of disputed claims. By entering into this Consent Decree, Shell

does not admit any, and hereby denies all, of the factual allegations or legal claims

in the Complaint except as otherwise specified in Section II (Jurisdiction and

Venue) of this Consent Decree, nor does Shell admit any, and hereby denies all,

liability to the United States or any third party arising out of the Incident (as that

term is defined herein) or out of the transactions or occurrences alleged in the

Complaint. This Decree may not be used in any civil proceeding of any type as

evidence or proof of any fact or as evidence of the violation of any law, rule,

regulation, or Court decision, except in a proceeding to enforce this Consent

Decree.

CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

E.   Cooperative negotiation efforts of the United States, the State, and Shell resulted in settlements resolving Shell's civil liability both to the United States pursuant to the CWA and to the State pursuant to Wash. Rev. Code Chapters 90.48 and 90.56.

F.   To resolve Shell's civil liability for the claims asserted in the Complaint, Shell will pay a civil penalty of $5 million to the United States, comply with the other relief in Appendix A, and satisfy all other terms of this Consent Decree.

G.   To resolve civil penalty liability to the State pursuant to Wash. Rev. Code Chapters 90.48 and 90.56, Shell will enter into a settlement agreement with the State (State Agreement) requiring Shell to pay a total of $5 million in civil penalties to the State which may include, in whole or in part, expenditures agreed to by the State and Shell.

H.   The Parties agree, and this Court by entering this Consent Decree finds, that this Consent Decree and these civil penalties address only the allegations and claims against Shell related to the Incident and not any allegations and claims against any other person or entity.

I.   The Parties agree, and this Court by entering this Consent Decree finds, that the Parties have negotiated this Consent Decree in good faith, that settlement of this matter will avoid further litigation between the Parties related to the claims in the Complaint, and that the settlement embodied by this Consent Decree is fair, reasonable, and in the public interest.

CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
Telephone:  202-305-0300

-3-

1    THEREFORE, with the consent of the Parties to this Consent Decree, it is ORDERED,

2    ADJUDGED AND DECREED:

3    **II.    JURISDICTION AND VENUE**

4    1.    This Court has jurisdiction over the subject matter of this action and the Parties pursuant

5          to 28 U.S.C. §§ 1331, 1345, 1355, and 33 U.S.C. §§ 1319(b), 1321(b)(7)(E).

6    2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1395(a), and

7          33 U.S.C. §§ 1319(b), 1321(b)(7)(E).

8    3.    For the purposes of this Consent Decree and the underlying claims of the United States,

9          Shell waives all objections and defenses that it may have to jurisdiction of the Court or to

10         venue in this District.  Shell consents to and shall not challenge entry of this Consent

11         Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

12   **III.   DEFINITIONS**

13   4.    Whenever terms listed below are used in this Consent Decree or Appendix A, the

14         following definitions shall apply:

15         a.    "Affiliate" shall mean a person or entity directly, or indirectly through one or

16               more intermediaries, in control of, or controlled by, or under common control

17               with another entity.  For the purposes of this Consent Decree, an entity that results

18               from a name change by Shell or merger by Shell with another entity during the

19               pendency of this Decree shall be considered an Affiliate.

20         b.    "Appendix A" or "Appendix" shall mean Appendix A (Other Relief) attached to

21               this Consent Decree, and all Exhibits attached to Appendix A.

22         c.    "Chase Pipeline System" shall mean those elements of the Shell Pipeline Systems

23               known as the Chase Kansas Products Pipeline and the Chase Colorado Products

24

25   CONSENT DECREE - CV02-1178R

26

United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone:  202-305-0300

1          Pipeline, including approximately 731 miles of pipeline running in the states of

2          Kansas and Colorado.

3      d.    "Complaint" shall mean the Complaint filed by the United States in this case.

4      e.    "Consent Decree" or "Decree" shall mean this document and the Appendix, and

5          any modifications of this document or Appendix in accordance with

6          Section XVIII (Modifications) of this document.  In the event of conflict between

7          this document and the Appendix, this document shall control.

8      f.    "CWA" shall mean the Clean Water Act (CWA), 33 U.S.C. §§ 1251-1387.

9      g.    "Day" shall mean a calendar day unless expressly stated to be a working day.

10         "Working Day" shall mean a day other than a Saturday, Sunday, or Federal

11         holiday.  In computing any period of time pursuant to this Consent Decree, where

12         the last Day would fall on a Saturday, Sunday, or Federal holiday, the period shall

13         run until the close of business of the next Working Day.

14     h.    "DOJ" shall mean the United States Department of Justice.

15     i.    "EPA" shall mean the United States Environmental Protection Agency and any

16         successor departments or agencies.

17     j.    "Engineering Judgment" shall mean judgment based on the application of

18         scientific and mathematical principles to the design, construction, operation, and

19         maintenance of pipeline systems, with such judgment exercised by a suitably

20         qualified person.

21     k.    "Incident" shall mean the discharge of gasoline into or upon Whatcom and Hanna

22         Creeks and their adjoining shorelines in Bellingham, Washington, beginning on

23         June 10, 1999, as described with particularity in the Complaint filed by the United

24         States in this case.

25

CONSENT DECREE - CV02-1178R

26                            United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
       Telephone:  202-305-0300

1       l.    "Independent Monitoring Contractor" shall mean the independent monitoring

2              contractor selected pursuant to Section XIV of the Appendix.

3       m.   "National Pipeline Mapping System" shall mean the National Pipeline Mapping

4              System referred to in 49 C.F.R. § 195.452, Appendix C, § I.A.

5       n.    "OPA" shall mean the Oil Pollution Act of 1990 (OPA), 33 U.S.C. §§ 2701-2761.

6       o.    "Other Relief" shall mean the other relief described in Section VII (Other Relief)

7              and Appendix A.

8       p.    "Paragraph" shall mean a portion of this Consent Decree or Appendix A

9              identified by an Arabic numeral.

10      q.    "Parallel Criminal Proceedings" shall mean the criminal proceedings initiated in

11            this Court under the caption:  *United States of America v. Olympic Pipe Line*

12            *Company*, et al., No. CR01-338, and any subsequent related proceedings.

13      r.    "Parties" shall mean the United States and Shell.  Olympic Pipe Line Company is

14            not a party to this Decree.

15      s.    "PSA" shall mean the Pipeline Safety Act, 49 U.S.C. Chapter 601.

16      t.    "RCRA" shall mean the Solid Waste Disposal Act as amended by the Resource

17            Conservation and Recovery Act, 42 U.S.C. §§ 6921-6992.

18      u.    "Responsible Corporate Official" shall mean the person or persons designated by

19            Shell to perform relevant decision-making functions, and who has authority to

20            sign documents on behalf of Shell with respect to the Decree.

21      v.    "Section" shall mean a portion of this Consent Decree identified by a capitalized

22            Roman numeral.

23

24

25

CONSENT DECREE - CV02-1178R

26

United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
Telephone:  202-305-0300

-6-

w.    "Semester" shall mean either the period from January 1 through June 30 of any calendar year, or the period from July 1 through December 31 of any calendar year.

x.    "Shell" shall mean Shell Pipeline Company LP, fka Equilon Pipeline Company LLC, one of the defendants in this action, and its officers, employees, Affiliates, successors and assigns. For the purpose of this definition, a purchaser of assets shall not be considered a successor or assign.

y.    "Shell Pipeline Systems" shall mean the pipeline systems commonly referred to as the East Line Products, North Line Products, Chase Kansas Products, Chase Colorado Products, and Orion Products pipeline systems that are used for transporting petroleum products, and include approximately 2139 miles of pipeline running in the States of Texas, Oklahoma, Colorado, Kansas, Ohio, Illinois, and Indiana and associated structures and buildings used for operations and administration, control equipment, pumps, valves, breakout storage tanks, and other equipment used in the operation of the pipeline systems, and any like associated equipment added to the Shell Pipeline Systems during the pendency of this Consent Decree. The term does not include marine terminals or facilities such as refineries, lube plants, and marine and distribution terminals, that are connected to, or associated with the pipelines but which perform separate functions such as storage or blending. ·

z.    "State" shall mean the State of Washington.

aa.   "State Agreement" shall mean all documents constituting or describing the agreement between Shell and the State resolving the State's civil penalty claims

CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

-7-

1   pursuant to Wash. Rev. Code Chapters 90.48 and 90.56 against Shell related to

2   the Incident.

3   bb.   "Submit" shall mean any of the following:  (1) place in certified mail in a properly

4   addressed envelope with sufficient postage for first class delivery; (2) tender to an

5   overnight courier in a properly addressed envelope, and prepay the delivery fees;

6   or (3) hand deliver and obtain signature of recipient.

7   cc.   "Subparagraph" shall mean a portion of this Consent Decree and Appendix A

8   identified by an upper or lower case letter, except that a portion of the Appendix

9   identified by an uppercase letter shall be designated as a Subsection.

10  dd.   "United States" shall mean the United States of America, including its

11  departments, agencies, and instrumentalities.

12  **IV.   PARTIES BOUND**

13  5.   This Consent Decree applies to and is binding on Shell except as otherwise provided in

14  this Paragraph.  If Shell transfers ownership of any portion of the Shell Pipeline Systems,

15  Shell nevertheless shall fulfill all requirements of this Consent Decree regarding the

16  portions of the Shell Pipeline Systems that Shell continues to operate for as long as Shell

17  continues to operate those portions.  If Shell transfers any portion of the Chase Pipeline

18  System to any other entity, Shell nevertheless shall fulfill all requirements of this Consent

19  Decree for the portion of the Chase Pipeline System so transferred, with the exception of

20  record retention requirements under Section XVI of this Decree.

21  **V.   GENERAL PROVISIONS**

22  6.   Compliance with Applicable Law.  This Consent Decree in no way affects or relieves

23  Shell of its responsibility to comply with applicable federal, state, and local laws,

24  regulations, and permits.  Shell shall perform all work required by this Consent Decree in

25

26  CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
Telephone:  202-305-0300

-8-

compliance with the requirements of all applicable federal, state, and local laws, regulations, and permits. Except as expressly provided herein, compliance with this Consent Decree shall be no defense to any actions commenced pursuant to federal, state, and local laws, regulations, and permits. This Consent Decree is not, and shall not be construed as, a permit issued pursuant to any federal, state, or local statute or regulation.

7. <u>Construction for Purposes of Parallel Criminal Proceedings</u>. For the purposes of the Parallel Criminal Proceedings only, Shell shall be deemed to be in compliance with this Consent Decree if Shell has paid all civil penalties and stipulated penalties, when and if required pursuant to this Decree, and is making a reasonable and diligent good faith effort to comply with all requirements of this Decree.

8. <u>Permits</u>. Shell shall submit timely and complete applications for, and otherwise diligently seek to obtain, any and all permits or approvals from federal, state, or other governmental entities necessary to perform work that this Consent Decree requires.

## VI.   PAYMENT OF CIVIL PENALTIES

9. Within 45 Days of entry of this Consent Decree, Shell shall pay the United States a civil penalty of $5,000,000.

10. Shell shall make the payment described in the preceding Paragraph in the manner specified in Section XI (Payment and Related Matters) of this Consent Decree.

11. If the civil penalty required by Paragraph 9 is not paid within 45 Days after entry of the Consent Decree, Shell shall pay stipulated penalties in accordance with Section X (Stipulated Penalties), and interest in accordance with Section XI (Payment and Related Matters).

CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

1  **VII.    OTHER RELIEF**

2  12.    Shell shall perform the Other Relief described in, and in accordance with the

3         requirements contained or referenced in, Appendix A.

4  **VIII.   REPORTING REQUIREMENTS**

5  13.    <u>Semiannual Progress Reports.</u>  Beginning on the Effective Date of this Decree and

6         through and including the Semester in which this Consent Decree is terminated pursuant

7         to Section XXII (Termination Date), Shell shall submit certified Semiannual Progress

8         Reports to EPA and the Independent Monitoring Contractor.  The first Semiannual

9         Progress Report shall be due within 45 Days of the close of the first Semester ending

10        more than 90 Days after entry of this Consent Decree, with subsequent reports due within

11        30 Days of the close of each Semester thereafter.  Additionally, if requested by EPA,

12        Shell shall meet with EPA at a reasonable location after reasonable notice, to discuss

13        Shell's compliance with the terms of this Decree.  Each Semiannual Progress Report shall

14        include all information required by Section XV of the Appendix.

15  14.   <u>Certifications.</u>  Whenever this Consent Decree or Appendix A requires Shell to certify a

16        report or any other submission of information, Shell shall submit the following written

17        statement with the submission, signed by a Responsible Corporate Official:

18        I certify under penalty of law that this submission was prepared under my
          direction or supervision in accordance with a system designed to assure that
19        qualified personnel properly gather and evaluate the information submitted.  I
          further certify under penalty of law that, to the best of my knowledge, based on
20        my reasonable inquiry of the person or persons who manage the system, or those
          persons directly responsible for gathering the information, the information
21        submitted is true, accurate, and complete.  I am aware that there are significant
          penalties for submitting false information, including the possibility of fine and
22        imprisonment for knowing violations.

23

24

25
    CONSENT DECREE - CV02-1178R                     United States Department of Justice
26                                                   Post Office Box 7611
                                                     Washington, D.C.  20044-7611
                              -10-                    Telephone:  202-305-0300

**IX.    SITE ACCESS**

15.    From the date of entry of this Consent Decree until its termination date as described in Section XXII (Termination), Shell agrees to provide EPA and its authorized representatives, including contractors, prompt access at all reasonable times to the Shell Pipeline Systems and all property on which the Shell Pipeline Systems are located for the purposes of assessing, monitoring, or verifying compliance with the terms of this Consent Decree, and verifying any data or information submitted by Shell pursuant to this Consent Decree.

16.    Notwithstanding any provisions of this Consent Decree, the United States retains all of its access authorities and rights, including enforcement authorities related thereto, pursuant to the CWA and any other applicable statutes or regulations.

**X.    STIPULATED PENALTIES**

17.    Shell shall be liable to the United States for stipulated penalties in the amounts set forth in Paragraphs 18 and 19 for failure to comply with the requirements of this Consent Decree, unless excused pursuant to Section XII (*Force Majeure*).  "Noncompliance" by Shell shall include failure to complete the requirements of this Consent Decree within the time allowed in the Decree in accordance with all applicable requirements of law.

18.    The following stipulated penalties shall accrue per violation per Day for any noncompliance identified in Subparagraphs a-b below:

| Penalty Per Noncompliance | Period of Noncompliance |
| --- | --- |
| $500 per Day or portion thereof | 1st through 15th Day |
| $1,250 per Day or portion thereof | 16th through 30th Day |
| $2,500 per Day or portion thereof | 31st Day and beyond |

CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
Telephone:  202-305-0300

a.      Failure to timely pay civil penalties in accordance with the terms of Section VI (Payment of Civil Penalties).

b.      Failure to comply with the requirements in the Appendix other than reporting requirements.

19.    The following stipulated penalties shall accrue per violation per Day for any failure to comply with the reporting requirements specified in Section VIII (Reporting Requirements) and in the Appendix:

| Penalty Per Noncompliance | Period of Noncompliance |
| --- | --- |
| $250 per Day or portion thereof | 1st through 15th Day |
| $500 per Day or portion thereof | 16th through 30th Day |
| $1,250 per Day or portion thereof | 31st Day and beyond |

20.    All stipulated penalties shall begin to accrue on the Day after complete performance is due or the Day a violation occurs, and shall continue to accrue through the final Day of the correction of the noncompliance or completion of the activity except as otherwise provided in this Paragraph.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

a.      If Shell demonstrates that, based on exercise of reasonable Engineering Judgment, after diligent inquiry, Shell believed it fully complied with a requirement of this Decree, stipulated penalties for any violation of this Decree shall begin to accrue on the Day that Shell receives notice from EPA of such violation and shall continue to accrue through the final Day of the correction of the noncompliance or completion of the activity.

b.      All stipulated penalties for violations of Paragraphs 18 through 25 of the Appendix shall begin to accrue on the date that a preliminary Notice of Dispute,

CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
Telephone:  202-305-0300

1    issued pursuant to Paragraph 26 of the Appendix, becomes final or, if Shell files

2    with the Court a petition to resolve the dispute within the time required by

3    Paragraph 26 of the Appendix and the United States prevails in whole or in part,

4    on the date of the District Court's decision, and shall continue to accrue through

5    the final Day of the correction of the noncompliance or completion of the activity.

6    21.    If EPA determines that Shell has failed to comply with a requirement of this Consent

7    Decree, EPA may give Shell written notification of the same and describe the

8    noncompliance.  EPA may send Shell a written demand for the payment of penalties.

9    Stipulated penalties shall accrue as provided in Paragraph 20 of this Consent Decree.

10    Shell shall pay the stipulated penalties specified in EPA's written demand within 30 Days

11    from the date of EPA's demand for payment unless:

12    a.    Shell has submitted a written request for discretionary waiver of stipulated

13    penalties pursuant to Paragraph 25 of this Consent Decree and EPA has not

14    responded to the written request;

15    b.    Shell has submitted to EPA pursuant to Paragraph 31 of this Consent Decree a

16    written claim that a delay in compliance is caused by a *force majeure* event

17    regarding which EPA has not issued a decision pursuant to Paragraph 32 of this

18    Consent Decree; or

19    c.    Shell has submitted to EPA a written Notice of Dispute pursuant to Paragraph 35

20    of this Consent Decree, in which case the date that payment of any stipulated

21    penalties is due shall be governed by Paragraph 22 of this Consent Decree.

22

23

24

25

26

CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

-13-

22. Penalties shall continue to accrue, as provided in Paragraph 20 of this Consent Decree, during any dispute resolution period, but need not be paid until the following:

    a.    If the dispute is resolved by agreement or by a decision of EPA that is not appealed to the Court, accrued penalties determined to be owing shall be paid to EPA within 20 Days of the date of the agreement or EPA's decision;

    b.    If the dispute is appealed to the Court, and the United States prevails in whole or in part, Shell shall pay all accrued penalties determined by the Court to be owed to EPA within 60 Days of the date of the Court's decision or order, except as provided in Subparagraph c below;

    c.    If the District Court's decision is appealed by either Party, Shell shall pay all accrued penalties determined by the District Court to be owing to the United States into an interest-bearing escrow account within 60 Days of the date of the Court's decision or order.  Penalties shall be paid into this account as they continue to accrue, at least every 30 Days.  Within 20 Days of the date of the issuance of the mandate by the Court of Appeals, the escrow agent shall pay the balance of the account to EPA or to Shell to the extent that they prevail.

23. The payment of stipulated penalties shall not affect Shell's obligation to satisfy all of the requirements of this Consent Decree.

24. Subject to the provisions of Section XIV of this Consent Decree (Effect of Settlement/Reservation of Rights), the stipulated penalties provided for in this Consent Decree shall be in addition to any other non-monetary rights, remedies, or sanctions available to the United States for Shell's violation of this Consent Decree or any rights, remedies, penalties, or sanctions for Shell's violation of applicable law.  If a violation of this Consent Decree also is a violation of the Clean Water Act, Shell shall be allowed a

CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
Telephone:  202-305-0300

1      credit, for any stipulated penalties paid, against any statutory penalties imposed for such

2      violation.

3  25.    Notwithstanding any other provision of this Section, the United States may, in its

4      unreviewable discretion, waive payment of any portion of the stipulated penalties that

5      have accrued pursuant to this Consent Decree.

6  **XI.    PAYMENT AND RELATED MATTERS**

7  26.    Shell shall make the payments described in Section VI (Payment of Civil Penalties) by

8      Fedwire Electronic Funds Transfer (EFT) to the United States Department of Justice, in

9      accordance with current EFT procedures and instructions provided to Shell by the Office

10     of the United States Attorney for the Western District of Washington.  The payments

11     shall reference the Civil Action Number assigned to this case and DOJ

12     Number 90-5-1-1-06967, and shall specify that the payments are made toward CWA civil

13     penalties to be deposited into the Oil Spill Liability Trust Fund pursuant to 31 U.S.C.

14     § 1321(s), § 4304 of Pub. L. No. 101-380, and 26 U.S.C. § 9509(b)(8).  Any funds

15     received after 11:00 a.m. Eastern Time shall be credited on the next Working Day.  Shell

16     shall submit to the United States, as provided in Section XV (Notices and Submissions),

17     notice of all payments made pursuant to this Paragraph within 10 Days of the date of the

18     payment.

19  27.    Shell shall make the payments described in Section X (Stipulated Penalties) by EFT to

20     the United States Department of Justice, in accordance with current EFT procedures and

21     instructions provided to Shell by the Office of the United States Attorney for the Western

22     District of Washington.  The payments shall reference the Civil Action Number assigned

23     to this case and DOJ Number 90-5-1-1-06967, and shall specify that the payments are for

24     stipulated penalties to be deposited into the United States Treasury pursuant to 31 U.S.C.

25

26  CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
Telephone:  202-305-0300

§ 3302. Any funds received after 11:00 a.m. Eastern Time shall be credited on the next Working Day. Shell shall submit to the United States, as provided in Section XV (Notices and Submissions), notice of all payments made pursuant to this Paragraph within 10 Days of the date of the payment.

28.   If Shell fails to timely make any payment required pursuant to Section VI (Payment of Civil Penalties) or Section X (Stipulated Penalties), then, commencing on the Day after payment is due, Shell shall be liable to the United States for interest on the unpaid balance at the composite prime rate computed by, and published in the Wall Street Journal on the date that payment was due, and any costs of enforcement and collection incurred pursuant to the Federal Debt Collection Procedure Act, 28 U.S.C. § 3001 *et seq.*

29.   The United States shall be deemed a judgment creditor for purposes of collection of any penalties, interest, and expenses of enforcement and collection pursuant to this Consent Decree. Shell specifically acknowledges that, pursuant to 26 U.S.C. § 162(f), penalty payments made pursuant to Sections VI (Payment of Civil Penalties) and X (Stipulated Penalties) of this Consent Decree shall not be deductible for federal tax purposes.

## XII.   *FORCE MAJEURE*

30.   Shell's obligation to comply with the requirements of this Decree shall only be deferred to the extent and for the duration that the delay is caused by *force majeure. "Force majeure,"* for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Shell, or of any entity controlled by Shell, that delays or prevents the performance of any obligation pursuant to this Consent Decree despite Shell's best efforts to fulfill the obligation. The requirement that Shell exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to anticipate and address the effects of any potential force

CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

majeure event (1) as it is occurring; and (2) following the potential force majeure event, such that any delay is avoided or minimized to the greatest extent practicable. "*Force Majeure*" does not include financial inability to perform an obligation required by this Consent Decree or the Appendix. Notwithstanding any other provision of this Consent Decree, *force majeure* is not, except as otherwise provided by law, a defense to compliance with obligations imposed pursuant to the Clean Water Act, or any other statute, regulation, or permit.

31.     Within 7 Days of any event that may delay the performance of any obligation pursuant to this Consent Decree, whether or not caused by a *force majeure* event, Shell shall provide a written notice to EPA explaining the reasons for the delay, the anticipated duration of the delay, all actions taken or planned to prevent or minimize the delay, a proposed schedule for implementation of any measures planned to prevent or mitigate the delay or the effect of the delay, and Shell's rationale for attributing such delay to a *force majeure* event if Shell intends to assert such a claim. If Shell is claiming a *force majeure* cause, the notice specifically shall reference this Section of the Consent Decree. Shell shall include with any notice all available documentation supporting its claim that the delay was attributable to a *force majeure* event. Failure to comply with the above requirements shall preclude Shell from asserting any claim of *force majeure* for that event. Shell shall be deemed to know of any circumstance of which Shell, or any entity controlled by Shell, knew or should have known.

32.     If EPA agrees that the delay or anticipated delay is attributable to a *force majeure* event, EPA will extend the time for performance of the obligations pursuant to this Consent Decree that are affected by the *force majeure* event for such time as EPA deems necessary to complete those obligations. An extension of the time for performance of the

CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
Telephone:  202-305-0300

-17-

1   obligations affected by the *force majeure* event shall not, of itself, extend the time for

2   performance of any other obligation.  Within 14 Days after receiving a written *force*

3   *majeure* claim from Shell pursuant to the preceding Paragraph, EPA will exercise best

4   efforts to notify Shell in writing of (1) EPA's decision regarding Shell's *force majeure*

5   claim; (2) the amount of any demand for the payment of stipulated penalties related to

6   any rejected *force majeure* claim; and (3) the length of the extension, if any, for

7   performance of the obligations affected by the *force majeure* event; provided, however,

8   that any delay by EPA in notifying Shell of EPA's decision regarding a *force majeure*

9   claim does not excuse Shell's noncompliance based on an event that is not *force majeure*.

10   Any extension of time pursuant to this Section shall not be valid unless the extension of

11   time is confirmed in writing as provided in this Paragraph.  Stipulated penalties shall not

12   apply to a delay resulting from a *force majeure* event, as determined by EPA or the Court.

13   33.   The dispute resolution procedures in Section XIII (Dispute Resolution) shall apply to any

14   dispute regarding EPA's decision regarding a *force majeure* claim that Shell asserts

15   pursuant to Paragraph 31 of this Consent Decree.  If Shell elects to invoke the dispute

16   resolution procedures set forth in Section XIII (Dispute Resolution), Shell shall do so no

17   later than 15 Days from the date of EPA's written decision regarding a *force majeure*

18   claim pursuant to Paragraph 32 of this Consent Decree.  In any proceeding, Shell shall

19   have the burden of proving that the delay or anticipated delay has been or will be caused

20   by a *force majeure* event, that the duration of the delay or the extension sought was or

21   will be warranted under the circumstances, that best efforts were exercised to avoid and

22   mitigate the effects of the delay, and that Shell complied with the requirements of

23   Paragraphs 30 and 31, above.  If EPA or the Court determines that a violation was caused

24   by a *force majeure* event, then Shell shall be excused from that violation, including

25

26   CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
Telephone:  202-305-0300

-18-

1  stipulated penalties for that violation, but only for the period of time the violation

2  continues because of circumstances that qualify as *force majeure*.

3  **XIII.  DISPUTE RESOLUTION**

4  34.  Except as otherwise provided in this Paragraph or in Paragraph 26 of the Appendix, the

5  dispute resolution procedures of this Section shall be the exclusive mechanism for Shell

6  to resolve disputes arising under or with respect to this Consent Decree. Once Shell

7  submits a Notice of Dispute to EPA pursuant to Paragraph 35 of this Decree, the dispute

8  resolution procedures of this Section shall govern the resolution of the dispute. If Shell

9  has not invoked the dispute resolution procedures of this Section, however, the United

10  States may invoke either the dispute resolution procedures of this Section or any other

11  available procedure to resolve any issue related to Shell's compliance with this Consent

12  Decree.

13  35.  Any dispute that arises under, or with respect to, this Consent Decree shall in the first

14  instance be the subject of good faith, informal negotiations between EPA and Shell and,

15  if either of the parties requests, in consultation with the Independent Monitoring

16  Contractor. The period for informal negotiations shall not exceed 21 Days from the time

17  the dispute arises, unless extended by written agreement of EPA and Shell. The dispute

18  shall be considered to have arisen when one party sends the other party a written Notice

19  of Dispute. EPA, in its unreviewable discretion, may agree in writing to suspend accrual

20  of stipulated penalties for a specified time period to facilitate negotiations pursuant to this

21  Paragraph.

22  36.  If informal negotiations do not resolve the dispute, EPA's position shall control unless

23  Shell files with the Court a petition to resolve the dispute within 10 Working Days after

24  the conclusion of the informal negotiation period. This 10 Working Day period may be

25

26  CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
-19-    Telephone: 202-305-0300

1    extended by written agreement of the Parties to the dispute.  Within 30 Days after

2    receiving a petition filed with the Court pursuant to this Paragraph, EPA may file a

3    response.  During the Court proceeding, Shell shall have the burden of proving that

4    Shell's proposed resolution of the issues in dispute better meets the requirements of this

5    Consent Decree and the CWA.

6  37.    The invocation of dispute resolution procedures pursuant to this Section shall not extend,

7    postpone or affect in any way any obligation of Shell pursuant to this Consent Decree, not

8    directly in dispute, unless EPA agrees or the Court determines otherwise.  Unless waived

9    pursuant to Paragraph 25 of this Decree or suspended pursuant to Paragraph 35 of this

10    Decree, stipulated penalties with respect to the disputed matter shall continue to accrue as

11    provided in Paragraph 20 of this Decree, but payment shall be stayed pending resolution

12    of the dispute as provided in Paragraph 22 of this Decree.  If Shell does not prevail on the

13    disputed issue, stipulated penalties shall be assessed and paid as provided in Section X

14    (Stipulated Penalties).

15  **XIV.  EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS**

16  38.    Performance of all of Shell's obligations pursuant to this Consent Decree, and Shell's

17    obligations pursuant to the State Agreement discussed in Subparagraph I.G of this

18    Consent Decree resolves any civil claims of the United States against Shell:

19    a.    pursuant to Sections 301, 309, and 311 of the CWA, 33 U.S.C. §§ 1311, 1319,

20    and 1321, as specifically alleged in the Complaint;

21    b.    arising from the Incident for civil penalties pursuant to Section 3008(a) of RCRA,

22    42 U.S.C. § 6928(a), for violations of Section 3004 of RCRA, 42 U.S.C. § 6924,

23    of which the United States had knowledge on or before the date this Decree is

24    lodged; and

25

CONSENT DECREE - CV02-1178R

26

United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
Telephone:  202-305-0300

c.     arising from the Incident for claims received by the Oil Spill Liability Trust Fund pursuant to Subchapter I of OPA, 33 U.S.C. §§ 2701-2719, on or before December 20, 2002.

39.     Nothing in this Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The United States and Shell expressly reserve any and all rights, defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Incident against any person not a Party to this Consent Decree. The United States and Shell further expressly reserve any and all rights, defenses, claims, demands, and causes of action that the United States or Shell may have with respect to any matter, transaction or occurrence not related to the Incident.

40.     Notwithstanding any other provision of this Consent Decree, the United States retains all authority and reserves all rights to take any and all response actions authorized by law.

41.     This Consent Decree does not resolve, and the United States expressly reserves claims against Shell related to all other matters including, but not limited to, the following:

a.     claims based on a failure by Shell to meet a requirement of this Consent Decree;

b.     liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

c.     criminal liability;

d.     liability pursuant to regulations of the United States Department of Transportation, Research and Special Programs Administration, Office of Pipeline Safety or pursuant to the Pipeline Safety Act, 49 U.S.C. §§ 60101, *et seq.*;

e.     liability pursuant to Subchapter I of OPA, 33 U.S.C. §§ 2701-2719, for claims submitted to the Oil Spill Liability Trust Fund after December 20, 2002; and

CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

-21-

f.    liability for any past, current, or future violation of federal or state law not resolved pursuant to Paragraph 38 of this Consent Decree.

42.    In any subsequent administrative or judicial proceeding initiated by the United States for civil penalties or injunctive relief, Shell shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, claim preclusion, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the resolution of the civil claims resolved pursuant to Paragraph 38 of this Consent Decree.

43.    Shell hereby covenants not to sue and agrees not to assert any claims related to the Incident, or response activities in connection with the Incident, against the United States pursuant to the CWA, OPA, or any other federal law, State law, or regulation including, but not limited to, any direct or indirect claim for reimbursement from the Oil Spill Liability Trust Fund, or pursuant to any other provision of law.

44.    This Decree does not limit or otherwise adversely affect any rights of Shell to proceed against any person or entity other than the United States for contribution or any other cause of action arising from the Incident.

45.    The United States, by consenting to the entry of this Consent Decree, does not warrant or aver in any manner that Shell's complete and satisfactory compliance with this Consent Decree will constitute or result in compliance with the CWA or any other federal law or regulation.

46.    Nothing in this Consent Decree shall limit or modify the authority of the United States Department of Transportation pursuant to the Pipeline Safety Act, 49 U.S.C.

CONSENT DECREE - CV02-1178R

1    § 60101, *et seq.*, and the regulations promulgated thereunder including 49 C.F.R.

2    §§ 190, 195.  Nor shall anything in this Consent Decree limit or modify the provisions of

3    such statute and regulations or orders issued thereunder.

4  **XV.**    **NOTICES AND SUBMISSIONS**

5  47.    Whenever, pursuant to the terms of this Consent Decree and Appendix, written notice is

6    required to be given or a report or other document is required to be sent by one party to

7    another, it shall be directed to the individuals at the addresses specified below, unless

8    those individuals or their successors give written notice of a change.  All notices and

9    submissions shall be considered effective on receipt, unless otherwise provided.

10    AS TO THE UNITED STATES:

11    As to the United States Department of Justice:

12    Chief, Environmental Enforcement Section
      Environment and Natural Resources Division
13    United States Department of Justice
      Post Office Box 7611
14    Washington, D.C.  20044-7611
      DOJ #90-5-1-1-06967

15
      As to the United States Environmental Protection Agency:
16
      Regional Counsel
17    United States Environmental Protection Agency
      Region X
18    1200 Sixth Avenue
      Seattle, Washington  98101
19
      Manager, Emergency Response Unit
20    Office of Environmental Cleanup
      Region X
21    United States Environmental Protection Agency
      1200 Sixth Avenue
22    Mail Stop ECL-116
      Seattle, Washington  98101
23

24

25    CONSENT DECREE - CV02-1178R                        United States Department of Justice
26                                                       Post Office Box 7611
                                                         Washington, D.C.  20044-7611
                                   -23-                  Telephone:  202-305-0300

1    AS TO SHELL PIPELINE COMPANY, LP:

2    Lance Tolson - Senior Counsel
     Shell Oil Company - Legal Services/US
3    1 Shell Plaza, OSP 1120
     Houston, Texas  77002

4
     J. Gordon Arbuckle
5    Patton Boggs LLP
     2550 M Street, N.W.
6    Washington, D.C.  20037-1350

7    Richard W. Elliott
     Davis Wright Tremaine LLP
8    10500 N.E. 8th Street
     1800 Bellevue Place
9    Bellevue, Washington  98004-4300

10   **XVI.   RECORD RETENTION/ACCESS TO INFORMATION**

11   48.    In addition to complying with any record-keeping requirements pursuant to applicable

12          law and regulations, regardless of any contrary corporate retention policy, Shell shall

13          preserve and retain, during the pendency of this Consent Decree and for a minimum of

14          three years after termination of this Consent Decree, all records, documents and

15          information in the possession, custody, or control of Shell, or which come into their

16          possession, custody, or control, that relate in any manner to compliance with this Consent

17          Decree, including without limitation, documents and information from the National

18          Pipeline Mapping System, final reports and correspondence, and data related to the work

19          performed pursuant to Section VII (Other Relief) and the Appendix.  Shell may at its

20          election keep such documents on computer disks if Shell provides EPA or the

21          Independent Monitoring Contractor, on request and free of charge, a copy of any

22          computer software needed to review or print the documents.

23   49.    At any time prior to termination of this Consent Decree, and for three years thereafter,

24          Shell shall provide to the United States, within 30 Days of the date of a request, all

25   CONSENT DECREE - CV02-1178R                          United States Department of Justice
26                                                        Post Office Box 7611
                                                          Washington, D.C.  20044-7611
                        -24-                              Telephone: 202-305-0300

1    documents and information responsive to the request, within the possession, custody, or

2    control of Shell or its contractors or agents, described in the preceding Paragraph.

3  50.    Shell may assert business confidentiality claims covering part or all of the documents or

4    information provided to the United States pursuant to this Consent Decree to the extent

5    authorized by, and in accordance with, 40 C.F.R. Part 2. Documents or information that

6    EPA determines to be confidential will be afforded the protection specified in 40 C.F.R.

7    Part 2, Subpart B. If no claim of confidentiality accompanies documents or information

8    when they are submitted to EPA, or if EPA has notified Shell that the documents or

9    information are not confidential pursuant to applicable law, the public may be given

10    access to such documents or information without further notice to Shell.

11  51.    Shell may assert security-related claims covering part or all of the documents or

12    information provided to the United States pursuant to this Consent Decree to the extent

13    authorized by any applicable law or regulation. Documents or information that EPA

14    determines to be security-related will be afforded the protection provided by applicable

15    law or regulation. If no claim of security accompanies documents or information when

16    they are submitted to EPA, or if EPA has notified Shell that the documents or information

17    are not security-related pursuant to applicable law, the public may be given access to such

18    documents or information without further notice to Shell. Nevertheless, no documents,

19    reports, or other information specifically required to be created or generated pursuant to

20    the requirements of the Consent Decree shall be withheld on the grounds that they are

21    security-related.

22  52.    Shell may assert that certain documents, records and other information are privileged

23    pursuant to the attorney-client privilege or any other privilege recognized by federal law.

24    Nevertheless, no documents, reports, or other information specifically required to be

25

26  CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
Telephone: 202-305-0300

1   created or generated pursuant to the requirements of the Consent Decree shall be withheld

2   on the grounds that they are privileged.  If a claim of privilege applies only to a portion of

3   a document, the document shall be provided to the United States in redacted form to

4   mask the privileged information only.  If Shell asserts a privilege instead of providing

5   documents, it shall provide the United States with the following:

6       a.    the title of the document, record, or information;

7       b.    the date of the document, record, or information;

8       c.    the name and title of the author of the document, record, or information;

9       d.    the name and title of each addressee and recipient;

10      e.    a description of the contents of the document, record, or information; and

11      f.    the privilege asserted by Shell.

12  53.  Nothing in this Consent Decree shall limit the access and information-gathering

13  authorities and rights of the United States pursuant to any federal law or regulation,

14  including without limitation, related enforcement authorities pursuant to the CWA and

15  OPA.

16  **XVII.  RETENTION OF JURISDICTION**

17  54.  This Consent Decree shall be considered an enforceable judgment for purposes of

18  post-judgment collection in accordance with the provisions of the Consent Decree,

19  Rule 69 of the Federal Rules of Civil Procedure, and other applicable federal statutory

20  authority.

21  55.  This Court retains jurisdiction over both the subject matter of this Consent Decree and the

22  Parties for the duration of the performance of the terms and provisions of this Consent

23  Decree for the purpose of enabling either of the Parties to apply to this Court at any time

24  for such further order, direction, and relief as may be necessary or appropriate for the

25

26  CONSENT DECREE - CV02-1178R

                      United States Department of Justice
                      Post Office Box 7611
                      Washington, D.C.  20044-7611

                      Telephone: 202-305-0300

1   construction or modification of this Consent Decree, or to effectuate or enforce

2   compliance with its terms, or to resolve disputes in accordance with Section XIII (Dispute

3   Resolution).

4   **XVIII. MODIFICATION**

5   56.   Modifications to the schedules for completion of the requirements pursuant to

6   Appendix A may be made without consent of the Court by written agreement between

7   Shell and EPA. Except as provided in the preceding sentence, no material modifications

8   shall be made to this Consent Decree without written notification to, and written approval

9   by, the United States, Shell, and the Court. Minor modifications that do not materially

10   alter Shell's obligations pursuant to this Consent Decree may be made without consent of

11   the Court by written agreement between the Parties. Shell may consult with EPA

12   regarding advances in knowledge or technology; and EPA and Shell may agree to

13   modifications to this Decree to efficiently achieve the objectives of the Decree.

14   Modifications to which EPA and Shell agree in accordance with the preceding sentence

15   shall be deemed to be minor modifications.

16   **XIX.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

17   57.   This Consent Decree shall be lodged with the Court for a period of at least 30 Days for

18   public notice and comment in accordance with 28 C.F.R. § 50.7. The United States

19   reserves the right to withdraw or withhold its consent to the Consent Decree if the United

20   States becomes aware of facts or considerations that indicate to the United States that the

21   Consent Decree is inappropriate, improper, or inadequate. Shell agrees not to oppose

22   entry of this Consent Decree or to challenge any provision of this Consent Decree unless

23   the United States has notified Shell in writing that it no longer supports entry of the

24   Consent Decree. Shell consents to entry of this Consent Decree without further notice.

25

26   CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C. 20044-7611
   Telephone: 202-305-0300

1  58.  If for any reason the Court declines to approve this Consent Decree in the form presented,

2  this agreement is voidable at the sole discretion of any Party and the terms of the

3  agreement shall not be used as evidence in any litigation.

4  **XX.  EFFECTIVE DATE**

5  59.  The effective date of this Consent Decree is that date upon which it is entered by the

6  Court.

7  **XXI.  INTEGRATION/APPENDIX**

8  60.  This Consent Decree, Appendix A (Other Relief), and Exhibits 1-6 to Appendix A,

9  constitute the final, complete and exclusive Consent Decree and understanding between

10  the Parties regarding the settlement embodied in this Consent Decree.  The Parties

11  acknowledge that there are no representations, agreements, or understandings relating to

12  the settlement other than those expressly contained in this Consent Decree.  The

13  following Appendix and Exhibits are attached to and incorporated into this Consent

14  Decree:

15  "Appendix A" is the Other Relief referenced in Paragraph 12 of this Consent Decree.

16  "Exhibit 1 to Appendix A" is AGA Project PR-3-805 as defined in Subparagraph 1.b of

17  Appendix A.

18  "Exhibit 2 to Appendix A" is API RP 1110 as defined in Subparagraph 1.e of

19  Appendix A.

20  "Exhibit 3 to Appendix A" is API 1161 as defined in Subparagraph 1.f of Appendix A.

21  "Exhibit 4 to Appendix A" is API RP 1130 as defined in Subparagraph 1.g of

22  Appendix A.

23  "Exhibit 5 to Appendix A" is ASME B31.4-2002 as defined in Subparagraph 1.i of

24  Appendix A.

25
26  CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
Telephone:  202-305-0300

1   "Exhibit 6 to Appendix A" is ASME B31G-1991 as defined in Subparagraph 1.j of

2   Appendix A.

3   "Exhibit 7 to Appendix A" is NACE RP0169-2002 as defined in Subparagraph 1.x of

4   Appendix A.

## XXII.  TERMINATION

61.  Not earlier than 5 years after entry of this Consent Decree, this Decree shall be subject to termination upon motion by either Party after Shell fully satisfies all requirements of this Consent Decree, except those obligations required pursuant to Section XVI (Record Retention/Access to Information).  At such time as Shell believes it has fulfilled all such requirements, Shell shall so certify to the United States.  Not earlier than 30 Days after such certification, either Party may apply to the Court for termination of the Consent Decree.  The obligations set forth in Section XIV (Effect of Settlement/Reservation of Rights) and Section XVI (Record Retention/Access to Information) shall survive termination of the Consent Decree as contractual obligations.

## XXIII. SIGNATORIES/SERVICE

62.  The Parties' undersigned representatives certify that they are fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

63.  Shell shall identify, on the attached signature page, the name, address, and telephone number of an agent who is authorized to accept service by mail on behalf of Shell with respect to all matters arising under or relating to this Consent Decree.

CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
Telephone: 202-305-0300

1   **XXIV. COSTS**

2   64.     Each Party shall bear its own costs and attorneys' fees in the action resolved by this

3          Consent Decree.

4   Dated this _30th_ day of _June_____, 2003.

5

6

7                                          _Barbara J Rothstein_
                                           UNITED STATES DISTRICT JUDGE

8   THE UNDERSIGNED PARTIES enter into this Consent Decree relating to the Incident.

9                          FOR THE UNITED STATES OF AMERICA

10

11  Date: _1.13.03_____              _Tom Sansonetti_____

12                                   THOMAS L. SANSONETTI
                                     Assistant Attorney General

13                                   Environment and Natural Resources Division
                                     United States Department of Justice

14

15                                   _Wayne T. Ault_____

16                                   WAYNE T. AULT
                                     Trial Attorney

17                                   United States Department of Justice
                                     Environment and Natural Resources Division

18                                   Environmental Enforcement Section
                                     Benjamin Franklin Station

19                                   Post Office Box 7611
                                     Washington, D.C.  20044-7611

20                                   Telephone:  202-305-0300

21

22

23

24

25  CONSENT DECREE - CV02-1178R              United States Department of Justice
                                             Post Office Box 7611
26                                           Washington, D.C.  20044-7611
                                             Telephone:  202-305-0300
                       -30-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FOR THE UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY


JOHN PETER SUAREZ
Assistant Administrator for
Enforcement and Compliance Assurance
United States Environmental Protection Agency


CHERYL T. ROSE
Attorney-Advisor
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency
Mail Code 2243A
1200 Pennsylvania Avenue, N.W.
Washington, D.C.  20460

CONSENT DECREE - CV02-1178R

United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
Telephone:  202-305-0300

-31-

1

2

3

L. JOHN IANI
Regional Administrator, Region X
United States Environmental Protection Agency

4

5

6

KEITH COHON
Assistant Regional Counsel, Region X
United States Environmental Protection Agency
1200 Sixth Avenue
Seattle, Washington  98101

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CONSENT DECREE - CV02-1178R

26

-32-

United States Department of Justice
Post Office Box 7611
Washington, D.C.  20044-7611
Telephone:  202-305-0300

1

2        LANCE TOLSON
         Senior Counsel
3        Shell Oil Company - Legal Services/US
         1 Shell Plaza, OSP 1120
4        Houston, Texas  77002

5

6

7        J. GORDON ARBUCKLE
         Patton Boggs LLP
8        2550 M Street, N.W.
         Washington, D.C.  20037-1350

9

10       RICHARD W. ELLIOTT
11       DAVID V. MARSHALL
         NICK S. VERWOLF
12       Davis Wright Tremaine LLP
         10500 N.E. 8th Street
13       1800 Bellevue Place
         Bellevue, Washington  98004-4300
14       Telephone: 425-646-6140

15       Agent Authorized to Accept Service on Behalf of Shell Pipeline Company LP:

16       J. GORDON ARBUCKLE
         Patton Boggs LLP
17       2550 M Street, N.W.
         Washington, D.C.  20037-1350
18       Telephone: 202-457-6090

19       Counsel for Shell Pipeline Company LP

20

21

22

23

24

25
CONSET DECREE - CV02-1178R                    United States Department of Justice
26                                            Post Office Box 7611
                                              Washington, D.C.  20044-7611
              -33-                            Telephone: 202-305-0300